U.S. Equal Employment Opportunity Commission
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Marisol Ramos
<u>Attorney for Plaintiff</u>
(215) 440-2619

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)    CIVIL ACTION NO. |
| v. | )<br>) |
| DA VITA, INC., | )<br>)    **COMPLAINT** |
| | )    **JURY TRIAL DEMAND** |
| Defendant. | ) |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex (female), and retaliation, and to provide appropriate relief to April Smith who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that during her employment, Ms. Smith was subjected to sexual harassment in the form of repeated, unwanted sexually offensive remarks and sexual advances from one of Defendant's female supervisors. Despite Ms. Smith's complaints to Defendant's management about the unwelcome harassment, Defendant failed to take effective remedial action to correct the hostile work environment.

In addition, the Commission alleges that Ms. Smith was subjected to intense scrutiny and unfair discipline in retaliation for her sexual harassment complaint. Because of the sexual

harassment and the retaliation, Ms. Smith was forced to take a medical leave. Defendant filled Ms. Smith's job only eighteen (18) days after Ms. Smith went on leave, and advised her there were no available positions for her. Consequently, Ms. Smith suffered severe emotional distress and back pay damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, DA VITA has continuously been doing business in the State of Pennsylvania, and has continuously had at least five hundred (500) employees.

5. At all relevant times, Defendant Employers have continuously engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g), and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the initiation of the lawsuit, April Smith filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least October 2005, Defendant Employer has engaged in unlawful employment practices at its Berwyn, Pennsylvania facilities in violation of Section 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful practices include, but are not limited to, the following:

(a)     Ms. Smith began working for Defendant at its Berwyn, Pennsylvania location on July 27, 2005, as an Administrative Assistant. On October 14, 2005, Ms. Smith received a satisfactory performance evaluation.

(b)     Beginning in late October 2005, Supervisor Michele Hofer began subjecting Ms. Smith to a sexually hostile work environment when she made sex-based and sexually offensive remarks to Ms. Smith on a regular basis. These included calling her "my bitch", making references to her "big breasts", comments about the way she dressed, and inviting Ms. Smith to her house after work hours, and out for drinks. Ms. Hofer made these comments to Ms. Smith in the presence of co-workers.

(c)     Ms. Hofer also subjected Ms. Smith to unwelcome sexual advances, including, inviting her to sleep with her in a hotel where a work-related event was taking place. Ms. Smith rejected the request and drove home.

(d)     On several occasions, Ms. Hofer prohibited Ms. Smith from talking with other co-workers, and forbade Ms. Smith from going to lunch with employees other than Hofer.

(f)     In or about November of 2005, Ms. Hofer gave Ms. Smith a print-out of an e-mail which was sexually suggestive. The e-mail contained an off-color song parody about male genital size and the use of dildos.

(g)     In or about April 2006, Joe Mannion, Director of Reimbursement Operations, became upset with Ms. Smith regarding a check request, and began criticizing Ms. Smith. Ms. Smith raised a concern about Mannion to Hofer, who told Ms. Smith that as long as she "kept her [Hofer] happy, she did not need to worry about anyone else."

(h)     Although Ms. Smith told Hofer that her sexually offensive comments and behavior were unwelcome on every occasion they occurred, Hofer did not stop the inappropriate behavior and it continued.

(i)     In or about November 2005, Ms. Smith sent an e-mail to Senior Revenue Director Pam Donohue complaining that Hofer making sexually harassing comments and unwelcome advances. Donohue promised to talk to Hofer, but no action was taken. In or about December 2005, Ms. Smith again complained to Donohue about Hofer's conduct, but no remedial action was taken.

(j)     As a result of Ms. Smith's complaint, Hofer became angry and subjected Ms. Smith to intense scrutiny over her daily activities. Hofer began to criticize her for minor things, including for "not being a team player."

(k)     Upon information and belief, Hofer tampered with Ms. Smith's work and deleted files from her computer, in an attempt of sabotage.

(l)     On April 2006, Hofer issued unfair and unwarranted discipline to Ms. Smith, which threatened her with termination.

(m)     On May 1, 2006, Ms. Smith's doctor advised her to take a medical leave of absence. On May 8, 2006, Ms. Smith's physician submitted a medical certification stating that Ms. Smith's return date was "to be determined." On May 12, 2006, Defendant granted Ms. Smith's request for a leave of absence.

(n)     Eighteen (18) days after Ms. Smith went on leave, her job was given to another individual, and she was advised by Defendant that there were no available positions for her. Pursuant to Defendant's short-term disability policy, Ms. Smith was permitted to stay on leave for up to six (6) months.

8.     The effect of the practices complained of in paragraph 7(a)-(n) above has been to deprive April Smith of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender, female, and because of retaliation.

9.     The unlawful employment practices complained of in paragraph 7(a)-(n) were intentional.

10.    The unlawful employment practices complained of in paragraph 7(a)-(n) were done with malice or with reckless indifference to the federally protected rights of April Smith.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, and any other employment practice which discriminates on the bases of sex and retaliation.

B.     Order Defendant Employer to institute and carry out policies, practices, and

programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

  D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

  E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

  F. Order Defendant Employer to make whole April Smith by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  G. Order Defendant Employer to make whole April Smith by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (n) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

  H. Order Defendant Employer to make whole April Smith by providing compensation

for past and future non pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (n) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

  I.  Order Defendant Employer to pay April Smith punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (n) above, in amounts to be determined at trial.

  J.  Grant such further relief as the Court deems necessary and proper in the public interest.

  K.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington, D.C. 20507

_____
Jacqueline H. McNair
Regional Attorney

_____
Judith A. O'Boyle
Supervisory Trial Attorney

_____
Iris Santiago-Flores
Senior Trial Attorney
Iris.Santiago-Flores@eeoc.gov

_____
Marisol Ramos
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
Tel.: (215) 440-2619
Email: Marisol.Ramos@eeoc.gov